IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| E BEATS MUSIC, et al., | : | |
| | : | |
|    Plaintiffs | : | |
| | : | |
|         v. | : | 5:04-CV-81 (WDO) |
| | : | |
| ROY ANDREWS, et al., | : | |
| | : | |
|    Defendants | : | |

**ORDER**

This is an action for intentional copyright infringement based on the public performance of Plaintiffs' copyrighted songs at Polly's Mirage Lounge located on Jeffersonville Rd. in Macon, Georgia. Polly's is a night club owned and/or operated by the Defendants. Plaintiffs seek statutory damages for each infringement, attorney's fees and costs. The case is before the Court on Plaintiffs' motion for default judgment against Defendant Middlebrook and for summary judgment against all Defendants.

Plaintiffs are songwriters and music publishers and members of the American Society of Composers, Authors and Publishers ("ASCAP"), an association of more than 225,000 writers and publishers of musical compositions. On behalf of all of its members, ASCAP licenses the right to publicly perform all of the hundreds of thousands of copyrighted songs in the ASCAP repertory. ASCAP's licensees include television networks and stations, radio networks and stations, restaurants, nightclubs, hotels and other music users. Each Plaintiff in this action granted ASCAP a license to authorize the non-dramatic public performances of the members' copyrighted musical compositions. Plaintiffs own the copyrights for the songs involved in this action: "Rock the Boat"

and "Baby Boy."

Defendant Roy L. Andrews Enterprises, Inc. a/k/a R.L.A. Enterprises owns and operates Polly's Mirage Lounge. Defendant Roy Andrews is the sole owner and shareholder of R.L.A. Enterprises. Defendants Roy Andrews and Cora Middlebrook derive financial benefit from the operation of Polly's through salaries paid by the business.[1] Musical compositions were and are publicly performed as part of the entertainment regularly provided at Polly's. On the dates of the alleged infringement, the evening of September 26, 2003 and morning of September 27, 2003, Defendants Roy Andrews and Cora Middlebrook were residents of this district and at all relevant times controlled, managed, operated and maintained Polly's Mirage Lounge.

Musical compositions have been routinely performed at Polly's without a license from ASCAP or permission obtained from any copyright owner or his agent. The Declaration of Keith Samuels, the private investigator used by Plaintiffs, shows that Polly's was open to the public on the night of September 26, 2003 and morning of September 27, 2003 and that the two songs owned by the Plaintiffs, "Rock the Boat" and "Baby Boy" were performed "live" by a disc jockey. Samuels' Declaration also stated that on August 26, 2005 and the morning of August 27, 2005, almost two and half years after this lawsuit was filed, and without license from ASCAP, Defendants continued to allow the public performance of songs by a disc jockey. On numerous occasions, beginning in August 2000, ASCAP contacted Defendants to explain the need for proper authorization to perform copyrighted musical compositions in the ASCAP repertory and to advise the Defendants of their potential liability under copyright law for failure to do so. Nevertheless, Defendants have continued to perform ASCAP's members' copyrighted musical compositions without a license from ASCAP

---

[1] Defendant Cora Middlebrook is Defendant Roy Andrews' fiancee and they have lived together for 20 years. Andrews Dep. at 40.

or permission obtained directly from the owners.  If properly licensed by ASCAP for this period of time, license fees of $5,416.59 would have been paid.  Further, investigative expenses of $329.19 were incurred and paid to obtain evidence of Defendants' alleged copyright infringement.

Plaintiffs contend that because Defendants controlled, managed and operated all aspects of Polly's they are jointly liable for the infringing uses of the songs in question.  An entry of default was entered against Defendant Middlebrook for her failure to answer the Amended Complaint.  Defendants Andrews and R.L.A. Enterprises filed an Answer to the Amended Complaint.  Plaintiffs have now moved for default judgment against Defendant Middlebrook and summary judgment against Defendants Roy L. Andrews and R.L.A. Enterprises, Inc.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  FED. R. CIV. P. 55.

> A defendant's default does not in itself warrant the court entering a default judgment.  There must be a sufficient basis in the pleadings for the judgment entered.  The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.  In short, a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover.

DIRECTV, Inc. v. Huynh, 318 F. Supp.2d 1122, 1127 (M.D. Ala. 2004) (citing Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975); Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988); 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 3688, at 63 (3d ed. 1998) ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.")).

The Return of Service shows the complaint was personally served on Defendant

Middlebrook on October 13, 2005. She has never filed an answer or otherwise made any appearance in this case to defend the claims against her. Based on her failure to respond and because Plaintiffs set forth a sufficient basis in the pleadings for a default judgment to be entered against Middlebrook, Plaintiffs' motion for default judgment is GRANTED.

To establish copyright infringement for musical compositions, a plaintiff must prove: (1) the originality and authorship of the compositions involved; (2) compliance with all formalities required to secure a copyright under Title 17, United States Code; (3) that plaintiffs are the proprietors of the copyrights of the compositions involved in the action; (4) that the compositions were performed publicly by the defendant; and (5) that the defendant had not received permission from any of the plaintiffs or their representatives for such performance. Major Bob Music v. Stubbs, 851 F. Supp. 475, 479 (S.D. Ga. 1994) (citations omitted). Plaintiffs met the first three elements by submitting copies of copyright registration certificates, which constitute prima facie evidence of the copyright's validity. See 17 U.S.C. § 410(c) (1988). "With regard to the fourth element, it is well settled that investigators' affidavits that are uncontradicted are conclusive proof of performance." Major Bob Music, 851 F. Supp. at 479 (citation omitted). It is undisputed that live entertainment was provided on the evenings alleged. Plaintiffs produced an investigator's declaration attesting to the performances of Plaintiffs' songs at Polly's. Defendants produced no evidence contrary to the investigators' affidavits. Plaintiffs therefore conclusively proved the performance factor. As for the fifth element, it is undisputed that Defendants did not obtain a license from Plaintiffs authorizing the public performance of the songs at issue.

Defendant Andrews and R.L.A. Enterprises contend they are not liable because Mr. Andrews did not personally oversee the playing of the copyrighted songs. "The test for finding a corporate

4

officer jointly and severally liable with his corporation for copyright infringement is whether the officer 'has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities.'"  Chi-Boy Music v. Towne Tavern, Inc., 779 F. Supp. 527, 530 (N.D. Ala. 1991) (citation omitted).  Defendants admit that during the time in question Defendant R.L.A. Enterprises was the sole owner of Polly's.  Mr. Andrews was actively involved in the business: he hired managers, signed the liquor license and arranged for the corporation's lease.  More important, Defendant Andrews was paid a salary through Polly's.  Defendant Andrews and R.L.A. Enterprises had the "ultimate authority" over the activities of Polly's, as well as a direct financial interest in the business.  Andrews testified that he was in Polly's nearly every day.[2]  "The fact that he may have hired someone to handle day-to-day affairs and that he had no role in the selection of music played in the club is irrelevant; the imposition of vicarious liability for copyright infringement on a controlling individual is premised on the belief that such a person is in a position to control the conduct of the 'primary' infringer."  Id. (citation omitted).  Because Defendant Roy Andrews and R.L.A. Enterprises had the "right and ability" to supervise the infringing activity at Polly's, and any other business matter involving Polly's, Defendants are jointly and severally liable for the copyright infringement.

Based on the foregoing, Plaintiffs' motion for default judgment against Defendant Middlebrook and for summary judgment against Defendants Roy Andrews and Roy L. Andrews Enterprises a/k/a R.L.A. Enterprises, Inc. are GRANTED.  Having found copyright violations, Defendants and all persons acting under the direction, control, permission or authority of the Defendants are PERMANENTLY ENJOINED AND RESTRAINED from publicly performing any

---

[2]Andrews Dep. at 76.

and all copyrighted musical compositions in the ASCAP repertory and from causing or permitting said compositions to be publicly performed at any establishment owned, controlled or operated by the Defendants.  See 17 U.S.C. § 502(a).

Rather than show proof of actual damages, Plaintiffs opted to seek statutory damages pursuant to 17 U.S.C. § 504 which provides:

> . . . the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.
>
> In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.  In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200.
> ...
>
> Nothing in this paragraph limits what may be considered willful infringement under this subsection.

Defendants were made aware on numerous occasions of their copyright violations and nonetheless continued their unlawful conduct.  Defendant Roy Andrews' defense that he had no "reason to believe that his actions constituted an infringement of copyright" has no merit based on the facts of this case.  Plaintiffs, through ASCAP, sent numerous letters to Defendants advising them that infringement litigation would be instituted if Polly's remained unlicensed and persisted in intentionally infringing Plaintiffs' rights.  ASCAP contacted Polly's and Defendants by letter, telephone and personal visits.  Defendant Andrews admitted in his deposition that an ASCAP representative visited him to discuss licensing.  From August 2000 forward, license fees of

$5,416.59 have accrued.  ASCAP also incurred expenses of $329.19 to obtain evidence of Defendants' infringing conduct.  Plaintiffs therefore requested statutory damages of $7,500 per infringement for a total of $15,000, an amount approximately three times what Defendants would have paid to license the establishment and which Plaintiffs contend will serve as a deterrent to future infringing conduct.  Because Defendants willfully and continually violated the copyright laws on the dates alleged and in the manner alleged, Plaintiffs are hereby awarded $1,500 per infringement, for a total of $3,000 in statutory damages.

Pursuant to 17 U.S.C. § 505, "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party. . . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  "In copyright cases, 'although attorneys' fees are awarded in the trial court's discretion, they are the rule rather than the exception and should be awarded routinely.'"  Arista Records, Inc. v. Beker Enterprises, Inc., 298 F. Supp.2d 1310, 1316 (S.D. Fla. 2003) (citing Jobete Music Co., Inc. v. Hampton, 864 F. Supp. 7, 10 (S.D. Miss. 1994) Micromanipulator Co. v. Bough, 779 F.2d 255 (5th Cir.1984); Broadcast Music, Inc. v. Dano's Restaurant Systems, Inc., 902 F. Supp. 224, 227 (M.D. Fla. 1995)).  A showing of willfulness provides further justification for such an award.  Id. (citations omitted).  "The smaller the damages, provided there is a real, and especially a willful, infringement, the stronger the case for an award of attorneys' fees."  Gonzales v. Transfer Technologies, Inc., 301 F.3d 608, 610 (7th Cir. 2002) (citations omitted).

Defendants, two of whom have been directly represented by counsel throughout this case, did not dispute or contest any portion of the attorney's fees and costs requested by the Plaintiffs.  Based on the evidence presented, the Defendants blatantly and repeatedly disregarded the copyright

laws and were made aware of their violations on numerous occasions. To further the purposes of the copyright laws in general and to deter future violations by Defendants, and in light of the minimal amount of statutory damages awarded, Plaintiffs are hereby awarded the full amount of fees and costs requested - $44,653.50 in attorney's fees and $2,178.36 in costs for a total award of $46,831.86.

Plaintiffs' motion for default judgment is GRANTED against Defendant Middlebrook and the motion for summary judgment is GRANTED in full. Judgment shall be entered in favor of Plaintiffs. Defendants shall be jointly and severally liable for the amount of damages, fees and costs.

SO ORDERED this 30th day of May, 2006.

S/
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**